UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BAY AREA HEALTHCARE GROUP, LTD, § <br> § <br> Plaintiff, § <br> V. § <br> § <br> CALIFORNIA PHYSICIANS' SERVICE, § <br> § <br> Defendant. § | CIVIL ACTION NO. 2:25-CV-00021 |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 27). The M&R recommends the following:

- Grant Defendant's motion to dismiss Count I for lack of subject matter jurisdiction;
- Deny without prejudice Defendant's motion to dismiss Count II and III for lack of subject matter jurisdiction;
- Grant Plaintiff leave to amend its complaint within 21 days after the Court adopts the M&R;
- Should Plaintiff fail to file an amended complaint within the 21-day period, the Court should dismiss this case without prejudice; and
- Should Plaintiff file an amended complaint within the 21-day period, the Court should allow Defendant to re-file any Rule 12 motions for dismissal.

*Id.* at 21. Plaintiff filed written objections, (D.E. 28), to which Defendant responded, (D.E. 29).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole*

*Comm'n*, 842 F.2d 419, 421 (5th Cir. 1987) (citation and internal quotation marks omitted).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Furthermore, having previously authorized district courts to expeditiously adopt a magistrate's recommendation, *McGill v. Goff*, 17 F.3d 729, 731–32 (5th Cir. 1994) (permitting a district court to adopt a magistrate's recommendation one day after receiving it and before objections were filed), the Fifth Circuit has also authorized district courts to adopt a magistrate's recommendation without providing detailed analysis. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (affirming a district court's two-sentence order adopting a magistrate's recommendation for summary judgment).[1]

After considering Plaintiff's objections and reviewing the M&R de novo, the Court **OVERRULES** Plaintiff's objections, (D.E. 28), and **ADOPTS** the findings and conclusions of the M&R. (D.E. 27). Accordingly, the Court **GRANTS** Plaintiff leave to amend its complaint within 21 days of the date of this order and **DENIES as moot** Defendant's motion to dismiss, (D.E. 9). Failure to timely amend will result in the dismissal of Plaintiff's claims without prejudice. Should Plaintiff timely file an amended complaint, Defendant is permitted to re-file any Rule 12 motions for dismissal.

SO ORDERED.

---

[1] Specifically, the Fifth Circuit stated that "because the magistrate here made only legal findings on a summary judgment motion, the district court was permitted to issue an abbreviated order adopting [the recommendation]." *Habets*, 363 F.3d at 382. Although the M&R is at the motion to dismiss stage and not summary judgment, the Court finds that the principles animating the Fifth Circuit's decision apply with equal force here: (1) "the record was available to the district court a full 20 days before the court issued its order"; (2) "the magistrate here made no involved findings of fact . . ."; (3) "the magistrate here provided a thorough analysis to support its recommendation"; and (4) "the district court had a complete record of the magistrate's proceedings." *See id.* (citations omitted).

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
January 30, 2026